UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:  Case Number: 16-13326-7

JEFFREY J. HAZUGA,

    Debtor.

---

BRIAN P. PETSKA and
LORI J. PETSKA,

    Plaintiffs,
v.  Adversary Number: 17-2

JEFFREY J. HAZUGA,

    Defendant.

---

## DECISION

### I.   Statement of Procedural History

The Debtor/Defendant, Jeffrey J. Hazuga, filed a voluntary Chapter 7 petition on September 28, 2016. On January 6, 2017, the Plaintiffs, Brian and Lori Petska, filed an adversary Complaint against the Debtor seeking an exception to discharge under 11 U.S.C. §§ 523(a)(2) and (a)(6). On March 7, 2017, the Plaintiffs filed a motion for this Court to abstain. A final hearing on the Plaintiffs' Complaint is scheduled for June 1, 2017.

### II.   Statement of Facts

In September 2012, the Plaintiffs purchased from the Debtor certain real property located at E3444 State Rd. 29, Menomonie, Wisconsin (the "Home"). On July 2, 2014, the Plaintiffs filed a summons and complaint against the

Debtor in Dunn County Circuit Court (Case No. 14-CV-168) alleging he made fraudulent misrepresentations to the Plaintiffs in connection with the sale of the Home. In particular, the Plaintiffs allege the Debtor intentionally concealed extensive cracks in the Home's basement/foundation, which allows the basement to flood. In addition, the Plaintiffs contend the Debtor was aware of, but failed to disclose, material issues with the Home's roof and heating system. The Plaintiffs assert the Debtor was fully aware the Home had an improperly installed roof, which causes additional leakage into the Home creating an environment for mold to grow.

The Plaintiffs maintain the Debtor furnished them with a Real Estate Condition Report which indicated that he was affirmatively "not aware of any of the aforementioned defects." The Plaintiffs state they sustained a monetary loss and were damaged by Debtor's misrepresentations in an unliquidated amount of at least $50,000.

The Plaintiffs assert these claims give rise to nondischargeability of a debt under 11 U.S.C. §§ 523(a)(2) and (6) and seek an Order and Judgment.

The Plaintiffs filed a motion for abstention asking the Court to permissively abstain under 28 U.S.C. § 1334(c)(1). The Debtor objects to abstention.

III. **Discussion**

Federal district courts have "original and exclusive jurisdiction" over all cases under title 11 of the United States Code. 28 U.S.C. § 1334(a). Federal district courts also have "original but not exclusive jurisdiction" "of all civil

2

proceedings arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code." *In re Kimball Hill, Inc.*, 565 B.R. 878 (Bankr. N.D. Ill. 2017); 28 U.S.C. § 1334(b). District courts may refer these cases to the bankruptcy judges in their respective districts. 28 U.S.C. § 157(a). In accordance with section 157(a), the District Court for the Western District of Wisconsin has referred all of its bankruptcy cases to the Bankruptcy Court for the Western District of Wisconsin. W.D. Wis. Admin. Order 161 (July 12, 1984).

A bankruptcy court to whom a case has been referred may enter a final judgment on any "core" proceeding arising under the Bankruptcy Code or arising in a case under the Bankruptcy Code. 28 U.S.C. § 157(b)(1). Here, whether a debt is nondischargeable in a debtor's bankruptcy case is a "core" proceeding. 28 U.S.C. § 157(2)(I). In addition, the parties to this action agree that this case is a core proceeding under 28 U.S.C. § 157(2)(I).

Under 28 U.S.C. § 1334(c)(1), the Court may choose to abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law . . . from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." The parties agree that bankruptcy courts in this circuit look to the following factors in determining whether they should abstain:

    (1)    the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in a state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than the form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of [the bankruptcy court's] docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of non-debtor parties.

*Ocwen Loan Servicing, LLC v. AIG Fed. Savings Bank (In re Laddusire)*, 494 B.R. 383, 392 (Bankr. W.D. Wis. 2013) (citing *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993)). This Court has previously noted that these considerations should be applied flexibly to the particular facts of each case. *Id.* (citations omitted).

The Plaintiffs' suit in Dunn County alleges fraudulent misrepresentation in the sale of a home based on a Real Estate Condition Report that is alleged to omit defects that were known to the Defendant. The state court complaint may thus raise issues of state law. However, this adversary proceeding to except from discharge damages flowing from the Home's sale raises questions of federal law that arise under the Bankruptcy Code. Because determining whether a debt is nondischargeable is a core proceeding under 28 U.S.C. § 157(b)(2)(I), this Court has both the jurisdictional and constitutional authority to decide and enter a final judgment on the question of non-dischargeability.

In their Reply, the Plaintiffs contend *Stern v. Marshall*, 564 U.S. 462 (2011), removed the bankruptcy court's constitutional authority to enter money judgments for a nondischargeable debt based on a state law claim. Prior to *Wellness Int'l Network, Ltd. v. Sharif*, __ U.S. __, 135 S. Ct. 1932 (2015), in *Condon Oil Co. v. Wood (In re Wood)*, 503 B.R. 705, 709 (Bankr. W.D. Wis. 2013), the court reasoned, following *Stern,* that while bankruptcy courts had authority to decide issues of dischargeability, they no longer could adjudicate issues of liability and damages. 503 B.R. at 709. The impact of *Stern* has been that "where a claim is founded on a 'state law action independent of the federal bankruptcy law,' based on private rather than public rights, and 'not necessarily resolvable by a ruling on the creditor's proof of claim in bankruptcy,' it cannot be finally determined by an Article I bankruptcy judge." *In re Wood*, 503 B.R. at 709 (quoting *Stern*).

Despite filing an adversary Complaint in this forum alleging nondischargeability claims under 11 U.S.C. § 523(a)(2), the Plaintiffs state that "consent has not been given in this adversary proceeding due to unsettled issues of state law." It appears the Plaintiffs ask this Court to determine a debt is nondischargeable without determining the amount of that debt.

While claims exist under non-bankruptcy law, this Court has on several occasions interpreted state law in nondischargeability actions. *See, e.g., Kriescher v. Gibson (In re Gibson)*, 521 B.R. 645 (Bankr. W.D. Wis. 2014); *Sanderson v. Minn. Empl. & Econ. Dev. (In re Sanderson)*, 509 B.R. 206 (Bankr. W.D. Wis. 2014); *Hellenbrand Glass, LLC. v. Pulvermacher (In re Pulvermacher)*, 2017 Bankr. LEXIS 897 (Bankr. W.D. Wis. Mar. 31, 2017). *See also Siragusa v. Collazo (In re Collazo)*, 817 F.3d 1047, 1053-54 (7th Cir. 2016). While those cases involved a state court determination on the amount of the debt, this Court applied state law to determine whether that amount was nondischargeable. The Bankruptcy Code tasks this Court with the duty to administer a debtor's bankruptcy estate. As such, "since liquidating a nondischargeable debt is not necessary to administer the bankruptcy estate, and entering judgment is an exercise of judicial power, a bankruptcy judge lacks the constitutional authority to reduce a nondischargeable debt to judgment." *In re Wood*, 503 B.R. at 710.

In *In re Wood*, Judge Martin reasoned that in nondischargeability actions "the amount of the debt is patently unnecessary to a determination that it is nondischargeable." 503 B.R. at 709; *see also Johnson v. Weihert (In re Weihert)*,

6

489 B.R. 558, 564 (Bankr. W.D. Wis. 2013) ("Liquidating a non-dischargeable debt is not necessary to administer the bankruptcy estate, and dischargeability can be determined independent of liquidation."). In *Wood*, the court concluded a debtor's liability to a plaintiff was nondischargeable under 11 U.S.C. § 523(a)(6), but did not reduce that liability to a judgment. *In re* Wood, 503 B.R. at 712-13. This reasoning was discussed positively by the Seventh Circuit in *Siragusa*, 817 F.3d at 1053-54.

Since *Stern*, the United State Supreme Court in *Wellness* clarified that bankruptcy courts are permitted to adjudicate liability and damages that exist under non-bankruptcy law so long as the parties consent to the bankruptcy court's jurisdiction. *Wellness*, 135 S. Ct. at 1944-45. This consent need not be express, but may be implied from the surrounding circumstances. *Id.* at 1948.

"Whether the bankruptcy court can enter a money judgment on a non-dischargeable debt is controversial . . . ." *Milwaukee Builders Supply, Inc. v. St. Antoine (In re St. Antoine)*, 533 B.R. 743, 746 (Bankr. E.D. Wis. 2015). Thus, the issue becomes whether the parties have consented to this Court's jurisdiction to enter a money judgment by filing the adversary Complaint in this Court, and by filing an Answer to that Complaint.

The Plaintiffs have consented to this Court's authority to determine the debt, if any, stemming from the purchase of the Home as nondischargeable. The Plaintiffs argue they have not consented to this Court's authority to determine the amount of that debt. In contrast, it appears the Debtor has consented to this Court's authority on both. (*See generally* Debtor's Response,

ECF No. 14). In such instances, the Court has two options as articulated by the Seventh Circuit in *Siragusa*: (1) hold a status conference to determine "whether the parties would consent to it adjudicating the claim," and (2) submit its proposed findings of fact and conclusions of law to the district court to accept or reject. *See Siragusa*, 817 F.3d at 1053-54.

The Court can quickly answer the Plaintiffs' Motion for Permissive Abstention. It is squarely within the constitutional province of bankruptcy courts to decide the issue of dischargeability. *In re Weihert*, 489 B.R. at 564 ("[d]etermining the scope of the debtor's discharge is a fundamental part of the bankruptcy process"). Judicial economy favors denial of the motion. There are no novel issues of law presented. Whether there were false representations or actual fraud that enabled the Defendant to obtain money from Plaintiffs or a willful and malicious injury by the Defendant giving rise to a nondischargeable debt are matters of federal law under the Code, and those issues must be determined in this Court and cannot be determined in state court. The claims are directly and closely related to this bankruptcy. Conducting the trial scheduled for June 1, 2017, will not burden the Court's docket. Judicial economy will be better served by proceeding with that trial as scheduled. If determined nondischargeable, there will not be a need to keep this adversary proceeding open and the main case can be closed. If dischargeable, there would be no further need for any proceedings (whether in state court or on proposed findings as to the amount). There are no non-debtor third parties. If necessary, the Court can also prepare proposed findings of fact and conclusions of law on

8

Case 1-17-00002-cjf    Doc 16    Filed 05/11/17    Entered 05/11/17 15:55:47    Desc Main
Document      Page 9 of 9

damages to submit to the district court. Although preparing such proposed findings would certainly extend the time to a final decision on damages, if any, and may increase costs, in the absence of clear consent from the Plaintiffs to a final order from this Court, the Plaintiffs are entitled to proceed in such fashion.

**IV.    Conclusion**

For the foregoing reasons, the Plaintiffs' Motion for Permissive Abstention is denied. The trial will proceed as scheduled.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated:  May 11, 2017

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge
